# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

TIMOTHY KORHONEN, individually;     )
JOSEPH ODDO, JR., individually,     )
                        )
        Plaintiffs,     )
                        )
      vs.     )
                        )
SENTINEL INSURANCE, LTD.; DOES I- X,     )
and ROE CORPORATIONS I - X, inclusive,     )
                        )
        Defendants.     )
_____)

2:13-cv-00565-RCJ-NJK

ORDER

This dispute arises from Defendant Sentinel's allegedly wrongful denial of Plaintiffs' insurance claims. Sentinel has moved to dismiss each of Plaintiffs' extra-contractual claims. (Partial Mot. Dismiss, ECF No. 10). For the reasons stated herein, the Court grants the partial motion to dismiss. Plaintiffs are, however, granted leave to amend, within fourteen (14) days of the entry of this Order into the electronic docket, to cure, if possible, the deficiencies described below.

## I.    FACTS AND PROCEDURAL HISTORY

As alleged in the first amended complaint (the "FAC"), Plaintiffs Korhonen and Oddo (collectively "Plaintiffs") were insured under an automobile insurance policy issued by Defendant Sentinel. (FAC, ECF No. 9, at ¶ 13). The policy included an underinsured motorist benefit. (*Id.*). On April 29, 2011, Plaintiffs were involved in an automobile accident, (*Id.* ¶ ¶ 7–8). Plaintiffs allege that they were injured as a result of the accident, and that the liability insurance carried by the other driver was insufficient to compensate them for their injuries. (*See id.* ¶¶ 14–15). Following the accident, Plaintiffs allegedly demanded an uninsured/underinsured policy

limit payment from Sentinel. (*Id.*). Sentinel refused, and Plaintiffs filed the instant action, alleging that Sentinel's "refusal to make adequate payment to Plaintiffs was an unlawful attempt to force Plaintiffs to accept less money than the amount due under the Policy." (*Id.* ¶ 17). Specifically, Plaintiffs asserted claims for (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; (4) bad faith; and (5) unfair trade practices. (*Id.* ¶¶ 23–51). On April 3, 2013, Sentinel removed the action to this Court, (ECF No. 1), and it now moves to dismiss each of Plaintiffs' extra-contractual claims (claims 2–5), (ECF No. 10).

## II.   LEGAL STANDARDS

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should look only to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not

need detailed factual allegations;  rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007));  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass Rule 12(b)(6) muster, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*,  371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.    ANALYSIS

Plaintiffs have failed to plead facts sufficient to support any of their extra-contractual claims. The facts alleged in the FAC establish, at most, a dispute over contractual benefits. Therefore, the Court must dismiss claims 2–5.

#### a.   Contractual Breach of the Covenant of Good Faith and Fair Dealing (Claim 2)

To state a claim for contractual breach of the implied covenant of good faith and fair dealing, Plaintiffs must allege (1) that Defendant literally complied with the express terms of the contract; and (2) that Defendant nonetheless violated the contract's "intention and spirit." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 & n. 6 (Nev. 1991). Here, Plaintiffs allege an outright breach of contract. (*See* FAC, ECF No. 9, at ¶15). Because Plaintiffs affirmatively allege only that Sentinel failed to comply with terms of the contract, no claim for breach of the implied covenant of good faith and fair dealing lies. *See Hilton Hotels*, 808 P.2d at 922–23 (Nev. 1991); *see also Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 931 (D. Nev. 2010) (holding that if the pleadings merely allege facts establishing a violation of the express terms of a contract, a claim for beach of the contractual covenant of good faith is duplicative of a breach of contract claim); *Romm v. Hartford Ins. Co. of the Midwest*, No. 2:12-CV-01412-RCJ-PAL, 2012 WL 4747137, at *4 (D. Nev. Oct. 2, 2012) (dismissing, with leave to amend, a claim for beach of the implied covenant of good faith and fair dealing because the insured alleged an outright breach and not that the insurer complied with the literal terms of the policy while deliberately depriving the insured of the benefits thereof). Although a party may plead alternative, inconsistent theories, Plaintiffs have plainly failed to allege, as an alternative theory, that Sentinel complied with the literal terms of the policy while deliberately depriving Plaintiffs of its benefits. Therefore, the Court must dismiss claim 2.

### b. Tortious Breach of the Implied Covenant (Claim 3)

Plaintiffs contend that they have adequately pled a claim for tortious breach of the implied covenant of good faith. They have not. Under Nevada law, an action in tort for breach of the covenant of good faith and fair dealing arises where there is a special relationship between the parties to a contract, such as the relationship between an insurer and an insured. *Ins. Co. of the West v. Gibson Tile Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006). An insurer breaches the duty of good faith when it refuses "without proper cause to compensate its insured for a loss covered by the policy." *U. S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). An insurer is without proper cause to deny a claim when it has an 'actual or implied' awareness that no reasonable basis exist [*sic*] to deny the claim." *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994)(citing *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986). The insurer has not breached the covenant of good faith and fair dealing if it incorrectly denies policy coverage, provided the insurer has a reasonable basis for doing so. *Id.*

As Plaintiffs note in their opposition, the allegations pled in support of their claim for tortious breach are limited to the following: (1) "Defendant's refusal to make adequate payment to Plaintiff [*sic*] was made without a reasonable basis in fact or law"; and (2) "Defendant's refusal to make adequate payment to Plaintiffs was an unlawful attempt to force Plaintiffs to accept less money than the amount due under the Policy." (Opp'n, ECF No. 11, at 7 (quoting FAC, ECF No. 9, ¶¶ 16–17)).

These allegations are insufficient for at least two reasons: First, Plaintiffs' assertion that Sentinel's refusal to make adequate payments was unreasonable is simply a formulaic recitation of one of the elements of the cause of action—that the denial of the claim was without any

reasonable basis. *See Pioneer*, 863 F. Supp. at 1242. Second, Plaintiffs have failed to allege, in any manner, that Sentinel had any knowledge or reckless disregard for the alleged lack of a reasonable basis for the denial. Indeed, nothing in the FAC supports this proposition. Plaintiffs, of course, attempt to save their deficient FAC by misstating the pleading requirements established in *Twombly* and *Iqbal*. While Plaintiffs correctly note that the "facts do not need to be set out in detail," (Opp'n, ECF No. 11, at 5), they ignore the central premise of the modern pleading standards, which requires the operative complaint to include facts with enough specificity "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. Indeed, Plaintiffs are required not only to provide notice of the claim asserted, but also "the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Applying the correct legal standard, it is clear that Plaintiffs have failed to adequately plead two elements of their claim: (1) that the denial of the claim was unreasonable; and (2) that Sentinel had 'actual or implied' awareness that it lacked a reasonable basis for denying the claim. Claim 3 is therefore dismissed.

### c. Bad Faith (Claim 4)

Plaintiffs concede that the bad faith claim (claim 4) is duplicative of the claim for tortious breach of the implied covenant (claim 3). (Opp'n, ECF No. 11, n.1). This is correct. "The 'bad faith' cause of action is actually one for breach of an implied covenant of good faith and fair dealing." *Vargas v. Cal. State Auto. Assoc. Inter–Ins. Bureau*, 788 F. Supp. 462, 465 (D. Nev. 1992). Therefore, claim 4 is dismissed as duplicative.

### d.  Unfair Trade Practices (Claim 5)

Plaintiffs allege a single sentence in support of their claim under Nevada's Unfair Claims Practices Act (the "Act"). Specifically, they allege that Sentinel "has engaged in unfair trade practices pursuant to NRS 686A.310, including [Sentinel's] failure to properly settle Plaintiffs' claim." (FAC, ECF No. 9, at ¶ 48). This conclusory allegation plainly fails under *Iqbal* and *Twombly*. Indeed, Plaintiffs have failed to even hint at which of the Act's sixteen provisions Sentinel allegedly violated, let alone provide facts sufficient to support an alleged (or in this case, unalleged) violation.

Plaintiffs attempt to salvage this defective claim by pleading additional facts, not contained in the FAC, in their opposition to the instant motion. (*See* ECF No. 11, at 8). A deficient pleading, however, cannot be cured by new allegations raised in a plaintiff's opposition to a motion to dismiss. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)); *see also 2 Moore's Federal Practice*, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). Indeed, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

Plaintiffs also contend that they require discovery to adequately plead this claim. (Opp'n, ECF No. 11, at 9). Specifically, Plaintiffs concede that they

> have no knowledge of why Sentinel denied their claims, what Sentinel's reasoning was for denying the claims, and what Sentinel's standards are, if any, for investigating and processing claims. This information can be gained only through Sentinel's records. If Plaintiffs are foreclosed from reviewing those records, no claim for bad faith or violation of the unfair trade practices act could ever proceed.

(*Id.*). At bottom, this argument amounts to a request for this Court's permission to conduct a fishing expedition, and it is unavailing. Filing a complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679. Plaintiffs have failed to plead facts sufficient to support the claim for unfair trade practices, and it is therefore dismissed.

  **e. Punitive Damages**

    Sentinel contends that Plaintiffs cannot obtain punitive damages and that the request for such damages should therefore be dismissed. Plaintiffs, however, have not asserted a claim for punitive damages; they merely seek punitive damages in their prayer for relief. Accordingly, a decision on the issue would, at this stage, be premature.

**CONCLUSION**

    IT IS HEREBY ORDERED that Defendant's partial motion to dismiss (ECF No. 10) is GRANTED. Plaintiffs' extra-contractual claims are DISMISSED.

    IT IS FURTHER ORDERED that Plaintiff is granted leave to amend within fourteen (14) days of the entry of this Order into the electronic docket.

    IT IS SO ORDERED.

Dated this 24th day of March, 2014.

              _____
               ROBERT C. JONES
              United States District Judge