**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIMOTHY KORHONEN, individually; JOSEPH ODDO, JR., individually, | ) ) ) |
| Plaintiffs, | ) )  2:13-cv-00565-RCJ-NJK |
| vs. | ) )  **ORDER** |
| SENTINEL INSURANCE, LTD.; DOES I- X, and ROE CORPORATIONS I - X, inclusive, | ) ) ) ) |
| Defendants. | ) ) ) |

This dispute arises from Defendant Sentinel's allegedly wrongful denial of Plaintiffs' insurance claims. In their second amended complaint, Plaintiffs assert claims for (1) breach of contract and (2) tortious breach of the implied covenant of good faith and fair dealing. (ECF No. 30, at 4–5). Sentinel now moves to dismiss the second claim. (Mot. Dismiss, ECF No. 35). For the reasons stated herein, the Court grants the motion and again dismisses Plaintiffs' bad faith claim with leave to amend.

**I.   FACTS AND PROCEDURAL HISTORY**

As alleged in the first amended complaint (the "FAC"), Plaintiffs Korhonen and Oddo (collectively "Plaintiffs") were insured under an automobile insurance policy issued by Defendant Sentinel. (FAC ¶ 13, ECF No. 9). The policy included an underinsured motorist benefit. (*Id.*). On April 29, 2011, Plaintiffs were involved in an automobile accident, (*Id.* ¶¶ 7–8).

1

Plaintiffs allege that they were injured as a result of the accident, and that the liability insurance carried by the other driver was insufficient to compensate them for their injuries. (*See id.* ¶¶ 14–15). Following the accident, Plaintiffs allegedly demanded an uninsured/underinsured policy limit payment from Sentinel. (*Id.*). Sentinel refused, and Plaintiffs filed the instant action, claiming that Sentinel's "refusal to make adequate payment to Plaintiffs was an unlawful attempt to force Plaintiffs to accept less money than the amount due under the Policy." (*Id.* ¶ 17). Specifically, Plaintiffs asserted claims for (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; (4) bad faith; and (5) unfair trade practices. (*Id.* ¶¶ 23–51). On April 3, 2013, Sentinel removed the action to this Court, (ECF No. 1), and later moved to dismiss each of Plaintiffs' extra-contractual claims (claims 2-5), (ECF No. 10).

On March 24, 2014, this Court granted the motion. (Order, ECF No. 29). Specifically, the Court concluded that "[t]he facts alleged in the FAC establish[ed] at most, a dispute over contractual benefits," dismissed the extra-contractual claims, and granted Plaintiffs leave to amend their complaint. (*Id.* at 4). On May 5, 2014, Plaintiffs filed a second amended complaint (the "SAC"), asserting two causes of action: (1) breach of contract and (2) tortious breach of the implied covenant of good faith and fair dealing, (SAC, ECF No. 30 at 4–5), and Sentinel again moves to dismiss the extra-contractual, bad faith claim (claim 2), (Mot. Dismiss, ECF No. 35).

Relevant to the pending motion, the SAC adds the following allegations: When Plaintiff Korhonen demanded an uninsured/underinsured policy limit payment, he provided copies of all of his medical records and bills, and thereby demonstrated that his medical bills totaled $15,845.23. (SAC ¶¶ 15–16, ECF No. 30). Prior to responding to Korhonen's demand, Sentinel was aware that Korhonen had in fact received, or that under the applicable policy limits, he could

2

only receive, a $15,000 settlement from the third-party driver's insurance carrier. (*Id.* ¶ 22). On December 20, 2011, Sentinel responded to Korhonen's demand by offering a $1,695.23 settlement, but it never explained how it determined the value of Korhonen's claim. (*Id.* ¶¶ 19, 23). Sentinel never disputed Korhonen's claimed injuries. (*Id.* ¶ 25).

When Plaintiff Oddo demanded an uninsured/underinsured policy limit payment, he provided copies of all of his medical records and bills, and thereby demonstrated that his medical bills totaled $6,875.00. (*Id.* ¶ 18). Prior to responding to Oddo's demand, Sentinel was aware that Oddo had in fact received a $7,870.16 settlement from the third-party driver's insurance carrier. (*Id.* at 21). On December 20, 2011, Sentinel responded to Oddo's demand by expressing its belief that Oddo had been fully compensated by the third-party driver's insurance carrier, but it failed to explain how it reached its conclusion. (*Id.* ¶¶ 20, 24). Sentinel never disputed Oddo's claimed injuries. (*Id.* ¶ 26).

## II.   LEGAL STANDARDS

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should look only to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

1    The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim
2 is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.
3 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is
4 entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249
5 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not
6 need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that
7 is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir.
8 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167
9 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d
10 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content
11 that allows the court to draw the reasonable inference that the defendant is liable for the
12 misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to
13 pass Rule 12(b)(6) muster, the factual allegations "must be enough to raise a right to relief above
14 the speculative level . . . on the assumption that all the allegations in the complaint are true (even
15 if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels
16 and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do."
17 *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked
18 assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557,
19 127 S.Ct. at 1966).

**III.   ANALYSIS**

Plaintiffs have again failed to adequately state a claim for tortious breach of the implied covenant of good faith and fair dealing. Under Nevada law, an action in tort for breach of the covenant of good faith and fair dealing arises where there is a special relationship between the

4

parties to a contract, such as the relationship between an insurer and an insured. *Ins. Co. of the West v. Gibson Tile Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006). An insurer breaches the duty of good faith when it refuses "without proper cause to compensate its insured for a loss covered by the policy." *U. S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). An insurer is without proper cause to deny a claim when it has an 'actual or implied' awareness that no reasonable basis exist [*sic*] to deny the claim." *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994)(citing *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986). The insurer has not breached the covenant of good faith and fair dealing if it incorrectly denies policy coverage, provided the insurer has a reasonable basis for doing so. *Id.*

Here, the new allegations pled in support of the bad faith claim amount to the following: (1) The third-party driver's $15,000 liability policy, and the resulting $7,870.16 settlement was insufficient to compensate Oddo for $6,875.00 in alleged medical expenses; (2) that $16,695.23 was insufficient to compensate Korhonen for $15,845.23 in alleged medical expenses; (3) Sentinel did not dispute the injuries claimed; and (4) Sentinel did not explain how it valued Plaintiffs' claims. (SAC ¶¶ 15–26, ECF No. 30).

The absence of an explanation from Sentinel cannot be taken by the Court as an inference that no reasonable basis existed for denying Plaintiffs' insurance claim. The facts suggest, and arithmetic supports, that Sentinel had a reasonable, if not undisputable, basis for concluding that Plaintiffs were fully compensated for their medical expenses. Sentinel's alleged failure to expressly articulate how it reached its conclusions, does not, in this case, suggest that the conclusions were unreasonable, and it certainly does not suggest that Sentinel acted with actual or implied awareness that it lacked a reasonable basis. Instead, it suggests that the mathematical

basis for the decisions was so straightforward that it did not require further explanation. Nevertheless, Plaintiffs should have the opportunity to determine precisely why their claims were denied and why Sentinel failed to provide a reason for the denial. They should also have the chance to assert any damages for pain and suffering from the accident not yet compensated by payment based solely on the cost of medical bills.

Therefore, the Court finds that Plaintiffs have failed to allege that Sentinel lacked a reasonable basis for its responses to the coverage demands. Sentinel's motion is granted, and Plaintiffs' amended claim for tortious breach of the implied covenant of good faith and fair dealing is dismissed with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's partial motion to dismiss (ECF No. 35) is GRANTED. Plaintiffs' second cause of action is DISMISSED with leave to amend.

IT IS SO ORDERED.

Dated: September 16, 2014.

_____
ROBERT C. JONES
United States District Judge