UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY KORHONEN, et al., ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:13-cv-00565-RCJ-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| SENTINEL INSURANCE, LTD., ) | (Docket No. 51) |
| ) | |
| Defendant(s). ) | |

Pending before the Court is Defendant's motion to strike and set witness fees.[1] Docket No. 51. Plaintiff filed a response and Defendants filed a reply. Docket Nos. 54, 59. The Court held a hearing on Defendant's motion on May 7, 2015.[2] *See* Docket No. 66. At the hearing, the Court allowed for supplemental briefing, *see id.*, which has been filed. Docket Nos. 67, 66. For the reasons discussed more fully below, Defendant's motion to strike and set witness fees (Docket No. 51) is **GRANTED**.

I.  **Background**

This dispute arises from Defendant's denial of Plaintiffs' insurance claims. On April 29, 2011, Plaintiffs were involved in an automobile accident. Docket No. 30, at ¶¶ 7-8. Plaintiffs allege that they were injured as a result of the accident, and that the liability insurance carried by the other

---

[1] On March 3, 2015, the Court granted Defendant's motion to extend time for the depositions of Plaintiffs' treating physicians. Docket No. 53. The parties were ordered to submit a request for the specific deadlines one week after the Court rules on Defendant's motion to strike. *Id.*

[2] Citations to the recording of the hearing will refer to "Hearing Tr."

driver was insufficient to compensate them for their injuries. *See id.*, ¶¶ 16, 18, 21-22. Following the accident, Plaintiffs alleged they demanded payment from Defendant for the benefits under the uninsured/underinsured policy. *Id.*, at ¶¶ 15, 17. Defendant offered Plaintiff Korhonen $1,695.00 and offered Plaintiff Oddo nothing. *Id.*, at ¶¶ 31-32, 34.

Plaintiffs filed the instant action in the Eighth Judicial District Court in Clark County, Nevada. *See* Docket No. 1. On April 3, 2013, Defendant removed the case to this Court. *Id.* Plaintiffs amended their Complaint on September 19, 2013, and subsequently filed a Second Amended Complaint on April 7, 2014. Docket Nos. 9, 30. On October 9, 2013, Plaintiffs served their Rule 26 initial disclosures on Defendants, disclosing their treating physicians[3] and producing their medical records. Docket No. 54-1. Plaintiffs' initial disclosures stated that "[t]hese witnesses will also testify regarding the nature and extent of Plaintiffs' permanent injuries and the restrictions these permanent injuries place on Plaintiffs' daily [lives]." *Id.*, at 4.

The Court bifurcated discovery in this case on December 20, 2013. Docket No. 19. On January 6, 2014, the Court approved the parties' Discovery Plan and Scheduling Order. Docket No. 25. Pursuant to the scheduling order, the deadline for expert disclosures regarding Plaintiffs' breach of contract claims was June 30, 2014. *Id.*, at 3.

On January 24, 2014, Plaintiffs responded to Defendant's interrogatories regarding Plaintiffs' injuries, ailments, conditions, or symptoms for which they believed Defendant was obligated to compensate them. Docket Nos. 54-2, 54-3. Plaintiff Korhonen responded that he "injured his back and left shoulder" and has "suffered from anxiety from driving since the crash." Docket No. 54-2, at 3. Similarly, Plaintiff Oddo responded that he "injured his back, right and left thigh, and [has] neck pain." Docket No. 54-3, at 3. Additionally, Plaintiffs listed the location of their health care providers and a description of the treatment received. Docket No. 54-2, at 4; Docket No. 54-3, at 4.

On June 30, 2014, Plaintiffs served their third supplemental disclosure, entitled "Plaintiffs' Designation of Expert Witnesses and Reports." Docket No. 51-1. The disclosure stated the

---

[3] Dr. Heydinger and/or Dr. Katz, Dr. Patel, Dr. Prater, and Dr. Stehlow.

1 following:

2 > Plaintiffs hereby designate their treating physicians in this case as expert witnesses insofar as they will provide opinion testimony regarding the cause, nature and extent of Plaintiffs' injuries, the reasonableness and necessity of her [sic] medical treatment, the reasonableness and customary nature of the cost of Plaintiffs' treatment, the likelihood Plaintiff [sic] will require future treatment, the cost of any future treatment, and the permanent disability Plaintiff [sic] has suffered and will suffer in the future as a result of her [sic] injuries sustained in the subject accident. The treating physician(s) will also testify regarding any expert report put forth by the Defendant that in any way discusses, relates to, supports or contradicts that treating Physician's opinion regarding causation, diagnosis, the reasonableness and necessity of treatment, charges for the medical treatment rendered and the reasonableness and necessity of future treatment.

*Id.*, at 1. The disclosure only named one of Plaintiffs' treating physicians, Dr. Nagy, who had not previously been disclosed. *Id.*, at 1. Plaintiffs' disclosure stated that Dr. Nagy's disclosure was "forthcoming." *Id.*, at 1.

Defendant moved for a settlement conference on February 16, 2015. Docket No. 48. The pending motion to strike and set witness fees was filed on March 2, 2015, the final day of discovery in this case. *Id.*, at 3; Docket No. 51. Defendant requests that the Court strike Plaintiffs' expert disclosure as failing to comply with Rule 26(a)(2)(C).[4] Docket No. 51. Defendant additionally requests that, because Plaintiffs' treating physicians were not properly disclosed, they should only receive the percipient witness fee. *Id.*

A settlement conference is currently set for May 14, 2015. Docket No. 50. The case is scheduled for trial on June 15, 2015. Docket No. 47.

**II.  Defendant's Motion to Strike**

**A.  Rule 26 Disclosures**

Rule 26 provides that parties must disclose the identity of any persons who may be used as an expert witness. Fed. R. Civ. P. 26(a)(2)(A). Rule 26 contemplates two different classes of experts: those retained or specifically employed to provide testimony, and those who are not retained or specifically employed but may still provide expert testimony. *Piper v. Harnischfeger Corp.*, 170 F.R.D. 173, 174 (D. Nev. 1997). Rule 26(a)(2)(B) requires a written report if the expert is "retained

---

[4] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

- 3 -

or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." That written report must include:

    (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

    (ii) the facts or data considered by the witness in forming them;

    (iii) any exhibits that will be used to summarize or support them;

    (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

    (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). An expert's report must be "detailed and complete." *Elgas v. Colorado Belle Copr.*, 179 F.R.D. 296, 300 (quoting *Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)).

If the expert is not required to provide an expert report pursuant to Rule 26(a)(2)(B), the expert disclosure must include the following additional information:

    (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

    (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). "Both the Rule 26(a)(2)(B) written report and the Rule 26(a)(2)(C) disclosure 'share the goal of increasing efficiency and reducing unfair surprise.'" *Moshi v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 9600669, at *3 (D. Nev. May 30, 2013) (quoting *Brown v. Providence Medical Center*, 2011 WL 4498824 *1 (D. Neb. Sept. 27, 2011)). However, the disclosures are designed to be "considerably less extensive" than the written report required under Rule 26(a)(2)(B). *See* Adv. Comm. Notes to 2010 Amendments. As such, courts "must take care against requiring undue detail." *See id.* "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written order." *See* Adv. Comm. Notes to 1993 Amendments.

. . .


Disclosures must be made "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Pursuant to the discovery plan and scheduling order in this case, the deadline to disclose experts regarding Plaintiffs' breach of contract claims was June 30, 2014. Docket No. 25, at 3. On June 30, 2014, Plaintiffs served their "Designation of Expert Witnesses and Reports" on Defendant. Docket No. 51-1.

Defendant argues that Plaintiffs' expert disclosure is deficient under Rule 26(a)(2)(C). Docket No. 51, at 2-5. First, Defendant argues that Plaintiffs did not name any of the previously disclosed treating physicians. *Id.*, at 4. Defendant asserts that, even if Plaintiffs can rely on incorporation by reference, the disclosure still fails to provide information regarding the subject matter on which the witness is expected to present evidence. *Id.*, at 4. Second, Defendant argues that Plaintiffs failed to provide a summary of the facts and opinions to which the witness is expected to testify. *Id.*, at 4-5.

Plaintiffs assert that their prior disclosure of treatment records and discovery responses is sufficient to satisfy the disclosure requirements under Rule 26(a)(2)(C). Docket No. 54, at 13-14. However, at the hearing, Plaintiffs conceded that their disclosure did not include a "summary of the facts and opinions to which the witness is expected to testify" as required by Rule 26(a)(2)(C). Hearing Tr., 10:10 a.m. Nonetheless, Plaintiffs argue that "Defendant was on notice of the identity of Plaintiffs' treating physicians, the treatment rendered, the dates of treatment, the location where treatment was rendered, and the specific body parts treated." Docket No. 54, at 9. At the same time, Plaintiffs admit that their disclosure was not a model of clarity, that the reference to Dr. Nagy was made in error, and that Plaintiff is not calling Dr. Nagy to offer opinions at trial. Docket No. 54, at 10.

Several courts have rejected Plaintiffs' position that prior disclosure of medical treatment records is sufficient to satisfy Rule 26(a)(2)(C) disclosure requirements. *See Carrillo v. B&J Andrews Enters., LLC*, 2013 U.S. Dist. LEXIS 12435, 2013 WL 394207, Case No. 11-cv-1450-JAD-CWH (D. Nev. Jan. 29, 2013) (citing numerous cases); *Brown v. Providence Med. Ctr.*, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011) ("The court will not place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to"). Further, even

though the court "must take care against requiring undue detail," the Rule 26(a)(2)(C) disclosures explicitly require "a summary of the facts and opinions to which the witness is expected to testify." *See* Adv. Comm. Notes to 2010 Amendments. "A 'summary' is ordinarily understood to be an 'abstract, abridgement, or compendium'" and thus "[i]t follows that Plaintiffs cannot comply with the rule by disclosing the complete records of the treating physicians in issue." *Carrillo*, 2013 WL 394207 at *6 (citing *Kristensen ex rel. Kristensen*, 2011 WL 5320686 *2 (W.D. Va. June 3, 2011)). Plaintiffs assert that, because they list out the issues and the records are not voluminous, this information should be readily known. Hearing Tr., 10:10 a.m. By failing to include this summary, however, Plaintiffs' expert disclosure violated Rule 26(a)(2)(C).

### B. Rule 37 Sanctions

When a party fails to disclose or supplement its Rule 26 disclosures, the Court turns to Rule 37(c) to determine if sanctions are appropriate. Rule 37(c)(1) provides that a non-compliant party is "not allowed to use the information . . . at trial, unless the failure was substantially justified or harmless." The party facing the sanction has the burden of showing substantial justification or harmlessness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010); *see also Yeti by Molly Ltd.*, 259 F.3d at 1107 ("Rule 37(c)(1) . . . was intended to foster stricter adherence to discovery requirements and to broaden the power of the district courts to sanction violations of Rule 26").

The Court has wide discretion in determining the appropriate sanction. *See Yeti*, 259 F.3d at 1106. Noncompliance with Rule 26(a) does not automatically lead to the exclusion of evidence as a sanction. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). When determining the appropriate sanction, the Court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

The Court has found that Plaintiffs' expert disclosures violated Rule 26(a), which triggers sanctions under Rule 37(c) unless Plaintiffs can establish that their failure was substantially justified or harmless. Plaintiffs argue that any failure to disclose was harmless for two reasons. Docket No. 54, at 14-15. First, Plaintiffs argue that there was no surprise because Defendant knew which experts to depose and sent deposition notices on February 16, 2015. Docket No. 54, at 14-15. Thus, according to Plaintiffs, Defendant was able to make informed decisions on which experts to depose because Defense counsel never sought clarification from Plaintiffs' counsel. *Id.*, at 14-15. Second, Plaintiffs argue that Defendant's motion is untimely and a tactic "to gain leverage at the Court ordered settlement conference."[5] *Id.*, at 15. On the other hand, Defendant asserts that it has been prejudiced by Plaintiffs' insufficient disclosures, which deprived it of the right to make informed decisions on which experts to depose and the ability to meaningfully cross-examine the potential witnesses. Docket No. 51, at 7.

The Court finds that Plaintiffs have not met their burden in showing that their discovery shortcomings were harmless. First, Plaintiffs cannot shift their discovery responsibilities upon Defendant. *See Baltodano v. Wal-Mart Stores*, Inc., 2011 WL 3859724, at *4 (D. Nev. Aug. 31, 2011). It was not Defendant's responsibility to review and analyze the medical records to predict which treating physicians are going to testify and decipher their opinions and conclusions. "Though [Defendant] did examine all of the records, it was prejudiced by the fact that [Plaintiffs'] failure to disclose created the need to do so." *Joseph v. Hartford Fire Ins. Co.*, 2014 WL 3894072, at *2 (D. Nev. Aug. 8, 2014). Moreover, Plaintiffs conceded that their reference to Dr. Nagy was made in error and that Plaintiffs are not calling Dr. Nagy to offer opinions at trial. Docket No. 54, at 10. Thus, Plaintiffs' argument regarding adequate notice is flawed because, based on their disclosure,

---

[5] Defendant filed a motion for a settlement conference on February 16, 2015. Docket No. 48. The Court ordered that any response to Defendant's motion for settlement conference be filed no later than February 24, 2015. Docket No. 49. Plaintiff did not file a response and the Court therefore granted Defendant's motion for a settlement conference. Docket No. 50.

1  Defendant had noticed a deposition of Dr. Nagy. *See* Docket No. 51, at 2. Second, Plaintiffs fail
2  to establish that Defendant's motion was untimely. Defendant asserts that, to this day, Plaintiffs
3  have failed to supplement their deficient expert disclosure, even though the case is currently
4  scheduled for trial on June 15, 2015. Hearing Tr.10:03 a.m.; Docket No. 59, at 3.

5  In considering the facts and circumstances, the harm caused by Plaintiffs' failure to comply
6  with Rule 26 has not been sufficiently mitigated and is not harmless. However, the Court finds that
7  Plaintiffs' disclosed treating physicians should be allowed to testify. Accordingly, Defendant's
8  motion to strike is **GRANTED** to the extent it seeks to limits Plaintiffs' treating physicians'
9  testimony to the subject matter of their treatment as disclosed in the medical records and to opinions
10 formed in the course of treatment. *See Carrillo v. B & J Andrews Enterprises, LLC*, 2013 WL
11 394207, at *7 (D. Nev. Jan. 29, 2013) (permitting testimony regarding treatment despite failure to
12 comply with Rule 26(a)(2)(C)).

13 **III.     Defendant's Motion to Set Witness Fees**

14     **A.     Rule 26(b)(4)(E)**

15 Rule 26(b)(4)(E) governs payment for expert discovery. Pursuant to Rule 26(b)(4)(E)(i), a
16 party seeking expert discovery is required to pay the expert a reasonable fee for time spent
17 responding to discovery under Rule 26(b)(4)(A) or (D). On the other hand, percipient witnesses are
18 entitled to a $40.00 witness appearance fee authorized by 18 U.S.C. § 1821, in addition to the "time
19 necessarily occupied in going to and returning from the place of attendance at the beginning and end
20 of such attendance." 18 U.S.C. § 1821(b).

21 Defendant argues that, since Plaintiffs' treating physicians were not properly disclosed
22 pursuant to Rule 26(a), they should not be entitled to reasonable expert fees under Rule 26(b)(4)(E).
23 Defendant relies on *Medrano v. PNS Stores, Inc.*, No. 2:11-cv-1156-MMD-CWH (D. Nev. Aug. 8,
24 2012), for the proposition that treating physicians are not entitled to reasonable expert fees under
25 Rule 26(b)(4)(E) when they have not be properly disclosed under Rule 26(a)(2)(C). In *Medrano*, the
26 court reasoned that in the word "expert" in Rule 26(b)(4)(E) relates to how the party identified the
27 experts, and experts that are not properly disclosed under Rule 26(a)(2)(C) do not qualify as
28 "experts" under Rule 26(b)(4)(E) and are not entitled to expert fees. Thus, in *Medrano*, the treating

1  physician was deemed a percipient witness.

2  On the other hand, Plaintiff relies on *Axelson v. Hartford Ins. Co. Of the Midwest*, 2013 WL
3  1261757, No. 2:11-cv-01827-RCJ-GWF (D. Nev. Mar. 26, 2013), which held that treating
4  physicians are entitled to a reasonable fee for responding to discovery under Rule 26(b)(4)(A).
5  *Axelson*, 2013 WL 1261757 at *2 (citing *Hoover v. United States*, 2002 WL 1949734 (N.D. Ill. Aug.
6  22, 2002)).  However, *Axelson* primarily dealt with whether the physician's fees were reasonable
7  rather than whether the physician was entitled to expert fees. *Axelson*, 2013 WL 1261757 at *1-2.

8  The Court finds the line of reasoning in *Medrano* persuasive.  Thus, as the Court has found
9  that Plaintiffs' expert disclosures violated Rule 26(a), Plaintiffs' treating physicians are percipient
10 witnesses and are not entitled to expert fees for their depositions.  Accordingly, Defendant's motion
11 to set fees is hereby **GRANTED**.

12 **IV.    Conclusion**

13 Based on the foregoing,

14 **IT IS HEREBY ORDERED** that Defendant's motion to strike and set witness fees (Docket
15 No. 51) is **GRANTED**.

16 DATED: May 8, 2015

                                    _____
                                    NANCY J. KOPPE
                                    United States Magistrate Judge